```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**CLAUDIA D. BATTEE**                          *       **CIVIL ACTION**

**VERSUS**                                     *       **NO. 05-348**

**KIMBERLY WILLIAMSON BUTLER,**                *       **SECTION "B"**
**in her official capacity as,**
**CLERK OF CRIMINAL COURT, PARISH**
**OF ORLEANS, STATE OF LOUISIANA**

## ORDER AND REASONS

Before this Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Rec. Doc. No. 5). For the following reasons, **IT IS ORDERED** that Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

Kimberly Williamson Butler (hereinafter "Defendant") is the Clerk of Criminal Court, Parish of Orleans, State of Louisiana. (Rec. Doc. No. 1). Claudia Battee (hereinafter "Plaintiff") was employed as an executive assistant for Plaintiff between December 2, 2003 and June 18, 2004. Id. After receiving a "right to sue" letter from the Equal Employment Opportunity Commission

1

("E.E.O.C."), Plaintiff timely filed an employment discrimination action against Defendant before this Court, alleging, (i) failure to provide equal pay, hostile work environment, and retaliatory and/or discriminatory discharge, on the basis of Plaintiff's race, religion, and age, and (ii) intentional infliction of emotional distress. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (collectively, "Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), other federal civil rights statutes, namely, 42 U.S.C. §§ 1981, 1981a, and 1983 (collectively, the "Reconstruction Statutes"), and various Louisiana state laws. Id. Plaintiff claims the Defendant's actions stemmed from her refusal to join Defendant's church and sell tickets for Defendant's political fundraisers. Id.

## LAW AND ANALYSIS

**A. Standard of Review**

Defendant challenges this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Rec. Doc. No. 5). A case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to adjudicate the case. E.g., Home Builders Ass'n of Miss. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke the Court's jurisdiction carries the

burden of establishing subject matter jurisdiction. E.g., Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

**B. Jurisdiction over Reconstruction Statutes Claims**

A United States District Court has original jurisdiction for all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff's Reconstruction Statutes claims arise under 42 U.S.C. § 1981, *et seq.*; these are federal laws, and raise a federal question. Consequently, this Court has original jurisdiction to hear these claims.

**C. Jurisdiction over State Claims**

A United States District Court has supplemental jurisdiction to hear state law claims arising out of a "common nucleus of operative fact" with a properly asserted federal claim. See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Here, Plaintiff claims that Defendant's improper actions, including alleged retaliation for refusal to join Defendant's church and sell tickets for Defendant's political fundraisers, in the form of unequal pay, hostile work environment, and retaliatory and/or discriminatory discharge, also violate Louisiana's employment discrimination statutes, and caused intentional infliction of emotional distress. (Rec. Doc. No. 1). Consequently, the state law claims arise out of the same set of operative fact as the properly asserted federal claims,

such that this Court may exercise supplemental jurisdiction in the interest of judicial efficiency and economy. Thus, this Court has supplemental jurisdiction to hear these claims as well.

**D. Jurisdiction over Title VII and ADEA Claims**

The remaining question is whether Plaintiff's Title VII and the ADEA claims are properly before this Court. Title VII and the ADEA are federal laws, for which 28 U.S.C. § 1331 confers subject-matter jurisdiction upon this Court. Additionally, Title VII and the ADEA each have their own jurisdictional provisions, empowering a United States District Court to adjudicate civil actions brought thereunder.[1] 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 633a(c). Defendant argues that Plaintiff's purported status as a member of an elected official's personal staff falls within an exemption to the statutory definitions of "employee",[2] requiring

---

[1] 42 U.S.C. § 2000e-5(f)(3) states:

"Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 USCS §§ 2000e et seq.]. . . ."

29 U.S.C. § 633a(c) states:

"Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this Act."

[2] 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f) both state:

"The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency

she not proceed under Title VII or the ADEA, but rather under the Government Employee's Right's Act of 1991 ("GERA").[3] (Rec. Doc. No. 5). GERA allows Plaintiff to retain her rights under Title VII and the ADEA, but requires her to follow different procedures to obtain relief, and seek judicial review before the Court of Appeals. See 29 C.F.R. 1603.306. Defendant thus contends that Plaintiff's alleged failure to meet statutory requirements of Title VII and the ADEA deprive this Court of subject matter jurisdiction as an initial matter. (Rec. Doc. No. 5). Plaintiff responds that the question of whether Plaintiff is an "employee" or "personal staff member" is a highly factual inquiry of a narrowly construed exemption, and thus not properly resolved in a Fed. R. Civ. P. 12(b)(1) summary judgement motion. (Rec. Doc. Nos. 9, 15).

The initial issue this Court must resolve is whether the personal staff member exemption in the Title VII and ADEA definition of "employee" affects the subject matter jurisdiction of this Court, or instead goes to an essential element of Plaintiff's claim. If the question is jurisdictional, this Court may decide for itself the factual issues which determine jurisdiction, and thus it is properly raised in this 12(b)(1) motion. See Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.

---

or political subdivision. . . ."

[3] 42 U.S.C. § 2000e-16a, *et seq.*

1981). However, if the question goes to the merits of the claim, subject matter jurisdiction is proper, and this Court must dismiss the instant motion. See Bell v. Hood, 327 U.S. 678. The United States Supreme Court recently answered an analogous question, on similar facts, in Arbaugh v. Y&H Corp., 126 S.Ct. 1235 (2006). In that case, an employee brought Title VII and state tort law claims against her employer, in the Eastern District of Louisiana. Id. at 1240. Two weeks after a jury trial and verdict entered in favor of the employee, the magistrate judge granted the employer's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, based on the court's finding that the defendant failed to meet the statutory definition of "employer", because it fell below the 15-employee numerosity requirement of Title VII. Id. at 1241. On appeal, the Fifth Circuit affirmed. Id. In an opinion joined by eight members of the Court,[4] the Supreme Court noted and resolved a circuit split on whether Title VII's numerosity requirement is jurisdictional or an element of a plaintiff's claim for relief. Id. at 1242. The Supreme Court created a bright line rule that courts should treat statutory exemptions as nonjurisdictional in character, unless Congress ranks a statutory limitation on coverage as jurisdictional. Id. at 1245. The Court reasoned as follows:

    Of course, Congress could make the employee-numerosity

---

[4] Justice Alito took no role in the consideration or decision of the case. Id. at 1245.

6

requirement "jurisdictional," just as it has made an amount-in-controversy threshold an ingredient of subject-matter jurisdiction in delineating diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. But neither § 1331, nor Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3) (authorizing jurisdiction over actions "brought under" Title VII), specifies any threshold ingredient akin to 28 U.S.C. § 1332's monetary floor. Instead, the 15-employee threshold appears in a separate provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982). Given the "unfair[ness]" and "waste of judicial resources," App. to Pet. for Cert. 47, entailed in tying the employee-numerosity requirement to subject-matter jurisdiction, we think it the sounder course to refrain from constricting § 1331 or Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3), and to leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.

Id.

While <u>Arbaugh</u> directly addressed the numerosity requirement, the Court's reasoning squarely applies to the personal staff member exemption at issue here. In <u>Arbaugh</u>, the Court recognizes the numerosity requirement appears within the "Definitions" section of Title VII, under the subsection defining "Employer". <u>Id.</u> at *3. Likewise, the personal staff member exemption in Title VII and the ADEA appear within that same "Definitions" section, under the subsection defining "Employee". 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f). Additionally, like with the "Employer" requirement at issue in <u>Arbaugh</u>, the "Employee" exemption at issue here does not speak in jurisdictional terms.[5] Consequently, following the Supreme Court's bright line rule in

---

[5] <u>Compare</u> 42 U.S.C. § 2000e(f) (Title VII "Employee" defined), <u>supra</u> n. 2, <u>and</u> 29 U.S.C. § 630(f) (ADEA "Employee" defined), <u>supra</u> n. 2, <u>with</u> 42 U.S.C. § 2000e(b) (Title VII "Employer" defined),

"The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of title 5 of the United States Code), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of the Internal Revenue Code of 1954 except that during the first year after the date of enactment of the Equal Employment Opportunity Act of 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers."

<u>and</u> 29 U.S.C. § 630(b) (ADEA "Employer" defined),

"The term "employer " means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, that prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States."

8

Arbaugh, the determination of whether or not Plaintiff is an "employee", and thus subject to Title VII and ADEA protection, is an element of Plaintiff's claim for relief, not a jurisdictional issue.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED THAT** Defendant's motion to dismiss is **DENIED.**

New Orleans, Louisiana, this 21st day of March, 2006.

*[signature]*
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE